UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARVIN LANE and SHANITA
LANE,

      Plaintiffs,

v.                                Case No.:  2:22-cv-565-SPC-NPM

SECURITY NATIONAL
MORTGAGE COMPANY,
TAMARA PERRIN and LISA
CASANOVA,

      Defendants.

_____/

## OPINION AND ORDER[1]

Before the Court is Defendants' Rule 12(b)(6) Motion to Dismiss (Doc. 21), along with Plaintiffs' Response to Defendants' Motion to Dismiss (Doc. 30). The Court grants Defendants' motion.

## BACKGROUND[2]

This case is about racial discrimination in the context of obtaining a mortgage.  Plaintiffs allege Shanita Lane sought a mortgage from Defendant

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them.  The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.
[2] The Court treats the factual allegations in the Complaint as true and construes in Plaintiff's favor.  *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

Security National Mortgage Company in August 2021. (Doc. 1 at 4). Throughout the mortgage application process, Plaintiffs communicated with Defendants Tamara Perrin (processor) and Lisa Casanova (underwriter). (Doc. 1-1).

Plaintiffs sue Defendants alleging racial discrimination under the Fair Housing Act, 42 U.S.C. §§ 3601 et seq.. Plaintiffs claim Perrin made a racially discriminatory remark to the effect of "you people have all of this undocumented income." (Doc. 1 at 4, 6). Plaintiffs also allege Defendants took improper actions during the mortgage application process, including: (1) questioning the authenticity of Shanita Lane's employment verification, (2) questioning Shanita Lane's employer about her qualifications for her job, and (3) asking about Marvin Lane's financial information. (Doc. 1 at 6). According to Plaintiffs, these actions were taken to "place[] obstacles to delay and deter plaintiff during the finance process by discriminating against her due to race" in violation of the Fair Housing Act. (Doc. 1 at 6). Plaintiffs believe Defendants acted to "deter plaintiff Shanita Lane from purchasing her home in [a] predominantly Caucasian neighborhood." (Doc. 30 at 2).

Defendants move to dismiss this suit for Plaintiffs' failure to state a claim under Fed. R. Civ. P. 12(b)(6). (Doc. 21).

**DISCUSSION**

A complaint must recite "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a Rule 12(b)(6) motion, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Bare "labels and conclusions, and a formulaic recitation of the elements of a cause of action," do not suffice. *Twombly*, 550 U.S. at 555. A district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *See Twombly*, 550 U.S. at 570. A claim is facially plausible when a court can draw a reasonable inference, based on the facts pled, that the opposing party is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)).

In considering a motion to dismiss, courts must accept all factual allegations in the complaint as true and draw all reasonable inferences in the light most favorable to the plaintiff. *See Pielage*, 516 F.3d at 1284. But acceptance of a complaint's allegations is limited to well-pled allegations. *See La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (citations

omitted).  Courts must liberally construe pro se filings and hold them to less stringent standards than papers drafted by attorneys.  *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007).  But courts cannot act as counsel for plaintiffs or rewrite pleadings.  *United States v. Cordero,* 7 F.4th 1058, 1068 n.11 (11th Cir. 2021).

Plaintiffs have failed to state a claim.  Perhaps most important, Plaintiffs do not allege that Defendants knew of Shanita Lane's race.[3]  Plaintiffs do not state which provisions of the Fair Housing Act were violated.  They fail to support their conclusory allegation that: (1) they were treated differently than other mortgage applicants, and (2) that the actions Defendants took (such as confirming facts related to Shanita Lane's employment and asking about Marvin Lane's ability to finance a "gift" related to the mortgage) were discriminatory.  Plaintiffs provide no evidence of disparate impact.  Plaintiffs also do not allege any injury.  In fact, it appears from the filings that Shanita Lane may have ultimately been approved for the mortgage.  (Doc. 21 at 18). The Court cannot—even under the less stringent pro se pleading standards— find that Plaintiffs have stated a plausible claim.

If Plaintiffs wish to proceed pro se, Plaintiffs should review the Court's Litigants Without Lawyers webpage (https://www.flmd.uscourts.gov/litigants-without-lawyers) for helpful information on litigating in federal court.

---

[3] Plaintiffs provide several email exchanges between Plaintiffs and Defendants in Doc. 1-1. This correspondence does not reference any in-person meetings between the parties.

Accordingly, it is now

**ORDERED:**

1. Plaintiffs' Complaint Against Lisa Casanova, Tamara Perrin, and Security National Mortgage Company (Doc. 1) is **DISMISSED without prejudice** for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

2. Plaintiffs may file an amended complaint on or before January 4, 2023. **Failure to file an amended complaint will result in the Court closing this case without further order/notice**.

**DONE** and **ORDERED** in Fort Myers, Florida on December 14, 2022.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record